IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CRAIG ZEBROSKI, :
:
Petitioner, :
:
v. : Civ. No. 03-853-LPS
:
WARDEN PERRY PHELPS, :
:
Respondent. :

## MEMORANDUM ORDER

Pending before the Court is Warden Perry Phelps' ("Respondent") Motion to Strike Petitioner Craig Zebroski's Amended Petition for Writ of Habeas Corpus ("Petitioner"). For the reasons that follow, Respondent's request for relief is denied in part and granted in part.

## BACKGROUND[1]

The Superior Court for New Castle County, Delaware ("Superior Court") sentenced Petitioner to death in August 1997, after he had been convicted of two counts of first degree murder in January 1997. *State v Zebroski*, 1997 WL 528287 (Del. Super. Aug. 1, 1997). Petitioner's conviction and sentence were affirmed by the Delaware Supreme Court. (D.I. 1) Petitioner then filed a Petition for a Writ of Habeas Corpus ("Petition") with this Court on September 3, 2003. (*Id.*) Respondent answered the Petition on March 5, 2004. (D.I. 13)

On June 15, 2006, Petitioner filed a Motion for Leave to Expand and Supplement the Record and to Amend Petition. (D.I. 51) The Honorable Joseph J. Farnan, Jr. then stayed this case pursuant to a *de facto* stay of all death penalty cases resulting from proceedings in

---

[1]The lengthy state court procedural history will not be recited in its entirety, as it has no bearing on the Court's resolution of the issues in dispute at this time.

*Jackson v. Taylor*, Civil Action No. 06-300 (D. Del.) ("*Jackson*").[2] (D.I. 62) As a result, Judge Farnan "denied **with leave to renew**" Petitioner's Motion to Supplement and Expand the Record and To Amend The Petition. (*Id.*) (emphasis in original)

On December 15, 2010, the stay in this case was lifted (D.I. 64) after the United States Court of Appeals for the Third Circuit issued its mandate affirming Judge Robinson's rulings in *Jackson*. *See* 601 F. Supp. 2d 589 (D. Del. 2009), *aff'd*, 594 F.3d 210 (3d Cir. 2010). The Court subsequently stayed Petitioner's execution pursuant to 28 U.S.C. § 2251. (D.I. 73) The parties' Stipulated Scheduling Order was entered by the Court on July 18, 2011 and required Petitioner, if he so chose, to move to amend his Petition by October 12, 2011. (D.I. 75)

On October 12, 2011, Petitioner filed an Amended Petition for Writ of Habeas Corpus ("Amended Petition"). (D.I. 80) Respondent filed a Motion to Strike Petitioner's Amended Petition on October 18, 2011 ("Motion to Strike"). (D.I. 81) Briefing on Respondent's Motion to Strike is complete. (D.I. 82, 84, 86, 87)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(f) states, in relevant part, that "[a] court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber and Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). As a general matter, motions to strike under Rule 12(f) are disfavored. *See Seidel v. Lee*, 954 F. Supp. 810, 812 (D. Del. 1996).

---

[2]The instant case was re-assigned from Judge Farnan, now retired, to the undersigned on September 24, 2010.

2

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Hence, amendments to habeas petitions "shall be freely given when justice so requires" pursuant to Federal Rule of Civil Procedure 15(a). Moreover, to ensure a single comprehensive petition rather than successive petitions advancing new claims, generally amendments to initial petitions for habeas corpus should be permitted. *See Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995); *see also generally Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) ("It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."). In this District, "[a] form of the amended pleading [shall be filed to] indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added." D. Del. L. R. 15.1(b).

## DISCUSSION

Respondent contends that Petitioner violated the Court's July 18, 2011 Scheduling Order and attempted to deny Respondent an opportunity to oppose his amendment of the Petition by changing his original claims and adding new claims, in violation of (1) Federal Rule of Civil Procedure 12(f), (2) District of Delaware Local Rule 15.1, (3) the amendment procedures recited in 28 U.S.C. § 2266(b)(3)(B), and (4) Rule 12 governing the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. (D.I. 82 at 2, 3) Respondent also argues that Petitioner failed to show "significant developments" in the law to justify his amendments and engaged in "dilatory tactics to prolong [his] incarceration and avoid execution of the sentence of death." (D.I. 86 at 2, 5)

In response, Petitioner acknowledges that he "regretfully erred in failing to accompany

3

the proposed amendment with a motion for leave to amend." (D.I. 84 at 1) Petitioner requests that instead of striking the Amended Petition, the Court should construe the Amended Petition as a request for leave to amend. (*Id.*) Petitioner further asks that such leave be granted. (*Id.*)

The Court agrees with Petitioner that his Amended Petition should be construed as a motion for leave to amend and that he should be granted such leave. As an initial matter, Respondent mischaracterizes Judge Farnan's denial of Petitioner's first request to amend the Petition. (D.I. 86 at 2) That motion was "denied *with leave to renew*." (D.I. 62) (emphasis in original) The delay in filing the Amended Petition resulted only from the *de facto* stay of all pending death penalty cases in this Court, as Judge Farnan noted in his order. (*Id.*)

Respondent's claim that he has been prejudiced by the filing of the Amended Petition is unpersuasive, particularly in light of the Third Circuit's preference that decisions be made on the merits. *See Riley*, 62 F.3d at 90. Respondent will have an opportunity to respond to the Amended Petition. Moreover, because the Court will require Petitioner to file a blacklined copy of the Amended Petition, Respondent will not have to struggle to figure out what is new about the Amended Petition. The fact that Petitioner has not demonstrated "new developments" in the law does not render amendment inappropriate under the circumstances of this case. Finally, Respondent's arguments regarding the passage of time are misplaced, given the context in which this case was previously stayed by Judge Farnan.[3]

The Court will require Petitioner to comply with Local Rule 15.1(b). Petitioner will have to file a "form of the amended pleading which shall indicate in what respect it differs from the

---

[3]Notwithstanding Respondent's invitation in its Reply Brief to do so, the Court is not at this point evaluating whether Petitioner's Amended claims are time-barred.

4

pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added."

## CONCLUSION

For the reasons stated above, Respondent's Motion to Strike (D.I. 81) is DENIED IN PART AND GRANTED IN PART.

Specifically, the Court construes Petitioner's Amended Petition as a Motion for Leave to Amend, which is granted. Respondent's Motion to Strike is DENIED to the extent that it requests that the Court strike the Amended Petition. Respondent's Motion to Strike is GRANTED to the extent it seeks to compel compliance with District of Delaware Local Rule 15(b). Petitioner shall refile the Amended Petition in accordance with this Court's local rules no later than twenty (20) days from the date of this order.

Dated: February 15, 2012

_____
UNITED STATES DISTRICT JUDGE