IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRAIG ZEBROSKI, | : |
| Petitioner, | : |
| v. | : Civ. No. 03-853-LPS |
| WARDEN PERRY PHELPS, | : |
| Respondent. | : |

## MEMORANDUM OPINION

Pending before the Court is Petitioner ("Petitioner") Craig Zebroski's Motion for Stay and Abeyance. Warden Perry Phelps ("Respondent") opposes. For the reasons that follow, Petitioner's request will be granted.

## BACKGROUND[1]

The Superior Court for New Castle County, Delaware ("Superior Court") sentenced Petitioner to death in August 1997, after he had been convicted of two counts of first degree murder in January 1997. *See State v Zebroski*, 1997 WL 528287 (Del. Super. Aug. 1, 1997). Petitioner filed a Petition for a Writ of Habeas Corpus ("Petition") in this Court on September 3, 2003. On September 27, 2007, the Honorable Joseph J. Farnan, Jr. stayed the instant case pursuant to a *de facto* stay of all similar cases involving the death penalty as a result of proceedings in *Jackson v. Taylor*, C.A. No. 06-300 (D. Del.) ("*Jackson*"). (D.I. 62) In particular, Judge Farnan "denied **with leave to renew**" Petitioner's Motion to Supplement and Expand the Record and To Amend The Petition.[2] (*Id.*) (emphasis in original)

---

[1] The lengthy state court procedural history will not be recited in its entirety.

[2] On September 24, 2010, following Judge Farnan's retirement, this case was reassigned to the undersigned judge.

During the 2007-2010 stay, Zebroski filed a second petition for state post-conviction relief in the state system. (D.I. 101 at 4) On December 15, 2010, the Court lifted the stay in light of the issuance of the Third Circuit's mandate affirming Judge Robinson's rulings in *Jackson*. (D.I. 64; *see also Jackson v. Danberg*, 601 F. Supp. 2d 589 (D. Del. 2009), *aff'd,* 594 F.3d 210 (3d Cir. 2010)) Thereafter, the stay of his federal proceedings was extended from December 15, 2010 until July 6, 2011 while the parties waited for the state system to resolve his second petition for post-conviction relief. (D.I. 66) On July 7, 2011, the Court granted the parties' joint request to stay Zebroski's execution pursuant to 28 U.S.C. § 2251. (D.I. 73)

On March 6, 2012, Zebroski filed an amended application for a writ of *habeas corpus* ("Amended Petition"). (D.I. 90) His Amended Petition contains several new claims which have not been presented to the state courts. Respondent answered on July 23, 2012. (D.I. 94) On January 10, 2013, the date Petitioner's reply to Respondent's answer was due, Petitioner filed the pending motion to stay and abey. (D.I. 100) The Court has received full briefing on Petitioner's motion and has also heard argument from the parties during a teleconference. (*See* D.I. 100, 101,102, 106, 107, 111, 112)

## LEGAL STANDARDS

A district court can hear a state prisoner's application for federal habeas relief on the grounds that his custody violates the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). Ordinarily, this Court cannot review a habeas petition unless the petitioner has exhausted all remedies under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-46 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). When a petition contains both exhausted and unexhausted claims, the Court may: (1) dismiss the action without prejudice

to return to state courts to exhaust state remedies; (2) delete unexhausted claims so that the petition may continue on the remaining exhausted claims; or (3) stay the mixed petition and hold the case in abeyance while petitioner returns to the state court to exhaust the unexhausted claims. *See Urcinoli v. Cathel*, 546 F.3d 269, 275-77, 277 n.9 (3d Cir. 2008); *see also Buchanan v. Johnson*, 723 F. Supp. 2d 722, 725 (D. Del. 2010).

With respect to the third of these options, district courts "have authority to issue stays, where such a stay would be a proper exercise of discretion." *Ryan v. Gonzales*, ___ U.S. ___, 133 S.Ct. 696, 708 (2013) (internal quotation marks omitted); *see also Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 (1935) (stating district court may stay case "pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice"). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "does not deprive district courts of [this] authority . . . [although] it does circumscribe their discretion. Any solution to this problem must . . . be compatible with AEDPA's purposes." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Thus, in considering whether to grant a request for a stay and abeyance, the Court looks at: (1) whether the habeas petitioner has shown good cause for failure to exhaust his claims in state court; (2) whether unexhausted claims are not plainly meritless; and (3) whether the habeas petitioner has engaged in abusive litigation tactics or intentional delay. *See id.* at 277-78. If the Court does stay a habeas action, "reasonable time limits on a petitioner's trip to state court and back" should be imposed. *Id.* at 277–78.

## DISCUSSION

### A.  The Parties' Contentions

The parties are in agreement that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims. (D.I. 94 at 5, 105)  Petitioner contends that the proceedings in this matter should be stayed to permit him to return to state court and exhaust the unexhausted claims in his Amended Petition. (D.I. 100 at 1)  In advocating such a course of action, Zebroski relies on Delaware Superior Court Criminal Rule 61(i)(5). Rule 61(i)(5) permits a litigant to file a motion for post-conviction relief if the purported constitutional violation on which it is based "undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." Here, Petitioner contends that this case should be stayed and remanded to the state court due to "the substantial nature of [his] constitutional claims and the availability of additional state court remedies that would enable him to return to state court so that there can be no question but that all claims are exhausted and properly before this Court." (*Id.*)  If, alternatively, the mixed Amended Petition Zebroski filed were dismissed without prejudice, statute of limitations issues might arise if Petitioner attempted to refile his claims after exhausting his unexhausted claims in state court. *See* 28 U.S.C. § 2244(d); *Duncan v. Walker*, 533 U.S. 167, 121 (2001).

Respondent counters that Petitioner's request for a stay is a dilatory tactic. (D.I. 101) Respondent argues Petitioner is unable to satisfy any of the three factors outlined by the Supreme Court in *Rhines*. (*Id.* at 4)  Respondent also contends that Petitioner cannot meet the requirements of Rule 61(i)(5)'s miscarriage of justice provision. (*Id.* at 2-4)  Hence, Respondent requests that the Court dismiss the unexhausted claims and adjudicate exhausted claims.

For the reasons stated below, the Court will grant Petitioner's request for stay and abeyance.

**B.     Analysis**

**1.     Petitioner has good cause for not exhausting all his claims**

Petitioner argues that the reason the third claim in his Amended Petition was not presented to the state courts is because it is based on evidence discovered after his state post-conviction proceedings concluded, and the reason his first, second, fourth, and eighth claims were not presented in his state post-conviction proceedings is because his counsel for those proceedings rendered ineffective assistance. (D.I. 102) Both of these reasons may be found to satisfy the good cause requirement. *See e.g.*, *Wogenstahl v. Mitchell*, 668 F.3d 307, 322 (6th Cir. 2012); *Weber v. Baker*, 2012 WL 4911778 (D. Nev. October 15, 2012); *see also State v. Wilmer*, 2003 WL 751181 at *5 (Del. Super. Mar. 12, 2003), *aff'd*, 827 A.2d 30 (Del. 2003) (claim of ineffective assistance of counsel, by its very nature, qualifies as exception under Rule 61). Here, the Court finds Petitioner has shown good cause for not exhausting all his claims.

**2.     Petitioner's unexhausted claims are not plainly meritless**

Because the term "plainly meritless" is not defined, the Court looks at whether it appears from the Amended Petition that the Petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *see also Aiello v. Curtin*, 2011 WL 4962670 (E.D. Mich. Sept. 8, 2011); *Blevin v. Quarterman*, 2007 WL 1428734 (S.D. Tex. May 10, 2007). Petitioner concedes that five of his claims of alleged constitutional and prejudicial error in his state court proceedings are unexhausted. (*See* D.I. 105) Among his unexhausted claims is Petitioner's claim that his counsel was ineffective during the sentencing phase by failing to request access to, investigate, and develop information contained in a "presentence investigation report that was never disclosed to [his] counsel or to the appellate

court on direct review in violation of [his] constitutional rights." (D.I. 105 at 1-2)

The Delaware Supreme Court has held that a judicial officer's undisclosed request for assignment of a case can be reviewed pursuant to Rule 61. *See State v. Jackson*, 21 A.3d 27, 37 (Del. 2011). The Delaware state courts might view Petitioner's claim regarding the undisclosed presentence report similarly. Hence, it appears that at least this unexhausted claim is not plainly meritless. Further, at least one court has determined it to be appropriate to stay a case such as this one "as long as at least one claim has potential merit." *McConnell v. Baker*, 2012 WL 3100559, at *4 (D. Nev. Jul. 27, 2012).

### 3. Petitioner has not engaged in abusive litigation tactics or intentional delay

Petitioner filed his initial Petition on September 3, 2003. His habeas case has now been pending nearly ten years. Notwithstanding that great length of time, the Court finds that Petitioner's pending motion is not an abusive litigation tactic, nor is it filed with an intent to delay.

For more than three years, from September 27, 2007 through December 15, 2010, this case was stayed, in large part pursuant to the *de facto* stay arising from the proceedings in *Jackson*. (D.I. 62) That delay cannot be attributed to Petitioner, nor can it properly form the basis for a contention that he has engaged in abusive litigation tactics or acted for the purpose of intentional delay.

Respondent points out that Zebroski has already returned to state court to exhaust new claims once before, that his pending new claims were raised in 2011 – quite late in the litigation – and his motion to stay and abate was filed on the day his traverse was due. Zebroski concedes that the reason he is seeking to return to state court a second time is because his substitute counsel discovered additional claims. Although as a general matter petitioners should not be

6

allowed to think up new claims in a piecemeal fashion and, thereby, stay their federal cases multiple times, the Court notes that the first time Zebroski exhausted his new claims in state court he did so while his federal case was already stayed for unrelated reasons; and, this second time, he is raising new claims only because they were discovered by his substitute counsel. These circumstances suggest to the Court that Zebroski's motive in returning to the state court is to seek relief, not simply to delay the resolution of this litigation.

## CONCLUSION

For the reasons stated above, Petitioner's Motion for Stay and Abeyance (D.I. 100) is GRANTED.

Dated: May 13, 2013

UNITED STATES DISTRICT JUDGE