IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRAIG ZEBROSKI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:03-cv-00853-LPS |
| | ) |
| DAVID PIERCE, Warden, James T. Vaughn | ) CAPITAL CASE |
| Correctional Center at Smyrna, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Edson A. Bostic, Karl D. Schwartz, FEDERAL PUBLIC DEFENDER'S OFFICE, Wilmington, DE

David Ruhnke, RUHNKE & BARRETT, Montclair, NJ

    Attorneys for Petitioner

Gregory E. Smith, Elizabeth R. McFarlan, STATE OF DELAWARE DEPARTMENT OF JUSTICE, Wilmington, DE

Maria T. Knoll, STATE OF DELAWARE ATTORNEY GENERAL'S OFFICE, Wilmington, DE

    Attorneys for Respondent

**MEMORANDUM OPINION**

February 22, 2016
Wilmington, DE

**STARK, U.S. District Judge:**

Pending before the Court is an Amended Petition for Writ of Habeas Corpus ("Petition") filed by Craig Zebroski ("Zebroski" or "Petitioner") pursuant to 28 U.S.C. § 2254. (D.I. 90) At issue is whether this Court may review claims that were procedurally barred from consideration in Delaware state court. More specifically, the Court addresses two issues: (i) whether Delaware Superior Court Criminal Rule 61(i)(5) necessarily requires state courts to consider and apply federal law (i.e., the "independence" inquiry), and (ii) whether Delaware Superior Court Criminal Rules 61(i)(2) and 61(i)(5) were firmly established, readily ascertainable, and regularly followed at the time of Petitioner's procedural default (the "adequacy" inquiry).

For the reasons discussed below, the Court concludes that Rule 61(i)(5) does not necessarily require state courts to consider and apply federal law. The Court also concludes that Rules 61(i)(2) and 61(i)(5) were firmly established, readily ascertainable, and regularly followed at the time of Petitioner's procedural default.

In reaching this decision, the Court is not making any conclusions as to whether the Delaware courts' *application* of its procedural rules was sufficiently "independent and adequate" to preclude federal review over Petitioner's claims. Further briefing will be needed to resolve these potentially difficult questions. For this reason and others, the Court has no occasion either to grant or deny Zebroski's Petition at this time.[1]

---

[1] During the pendency of the Petition, the United States Supreme Court issued a decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), holding that Florida's capital sentencing scheme violates the Sixth Amendment. The Court held that it is unconstitutional for a judge, as opposed to a jury, to make the findings of fact needed to impose the death penalty. *See id.* at 620-21. Given that Delaware's sentencing procedures are similar to those that were found invalid in *Hurst*, the Delaware Superior Court certified five questions to the Delaware Supreme Court in order to determine whether Delaware's capital sentencing scheme is constitutional. *See*

1

## PROCEDURAL BACKGROUND

Petitioner's case came before the Delaware Superior Court on a Rule 61 motion for postconviction relief. *See State v. Zebroski*, 2013 WL 5786359, at *2 (Del. Super. Ct. Sept 30, 2013). The Superior Court dismissed each of Zebroski's claims.[2] According to the Superior Court, each claim was procedurally barred by Superior Court Criminal Rule 61(i). *See id.* at *5. Rule 61(i) establishes four procedural bars:

> (1) the motion was untimely; (2) the grounds for relief were not properly asserted previously in a postconviction proceeding; (3) the grounds for relief were not presented in the proceedings leading to final conviction; [and] (4) the claim has been or should have been formerly adjudicated in a previous proceeding.

---

*Administrative Directive of the President Judge of the Superior Court of the State of Delaware*, Feb. 1, 2016, No. 2016-2 (*available at* http://courts.delaware.gov/Superior/pdf/Administrative_Directive_2016_2.pdf). Shortly thereafter, the Delaware Supreme Court accepted the certified questions (with some modifications), Del. Supr. No. 39, 2016, and the Superior Court stayed "all trials, penalty hearings, and applications asking [the] Court to declare Delaware's capital sentencing scheme unconstitutional." *Administrative Directive of the President Judge of the Superior Court of the State of Delaware*, Feb. 1, 2016, No. 2016-2.

In light of these developments, the Court held a teleconference with the parties on February 4, 2016 to discuss the effect of these events on the pending Petition and to learn the parties' positions as to whether the Court should refrain from issuing an opinion. While Petitioner requested that the Court not issue an opinion, Respondent disagreed. Because this Opinion addresses only procedural issues and does not reach the issue of the constitutionality of Delaware's death penalty, the Court deems it appropriate to issue this Opinion at this time. The Court will solicit the parties' views as to whether this case should now be stayed or whether briefing of some or all of the remaining issues should proceed.

[2]The Superior Court listed Petitioner's seven claims as follows: the presentence investigation report was not disclosed to defense counsel, the sentencing court weighed mitigating evidence as aggravating evidence, the State failed to disclose exculpatory evidence, ineffective assistance of counsel at the guilt phase, racial animus evidence was improperly admitted, ineffective assistance of counsel at the penalty phase, and trial counsel had a conflict of interest. *See id.* at *1.

2

*Id.* at *1 (citing Super. Ct. Crim. R. 61(i)(1)-(4) (repealed 2014)).[3] On appeal, the Supreme Court of Delaware affirmed the decision of the Superior Court. *See Zebroski v. State*, 2014 WL 2048117 (Del. May 14, 2014).

Prior to this most recent round of litigation in the Superior and Supreme Courts, this Court had stayed proceedings on the Petition and held them in abeyance pending completion of the state court proceedings. (*See* D.I. 113; *see also* D.I. 90) Among the issues raised by Petitioner in the operative Amended Petition is whether the Delaware Supreme Court's 2014 decision was based on "independent and adequate" state procedural bars and, if so, whether those bars affect the availability of federal court review of the merits of his habeas claims. After consulting with the parties, the Court directed that they brief "the independence and adequacy of the procedural bars contained in Delaware Superior Court Criminal Rule 61 and Delaware Supreme Court Rule 8." (D.I. 127)[4]

In his briefing, Petitioner asserts that state courts cannot apply Rule 61(i)(5) without relying on or incorporating federal law. Hence, in Petitioner's view, Rule 61(i)(5) is not independent of federal law and thus cannot serve as a procedural bar to merits review in federal court.

---

[3] In 2014, Delaware amended the relevant portions of Rule 61. The amended version of the Rule does not apply retroactively. *See Order Amending Rule 61 of the Superior Court Rules of Criminal Procedure*, June 4, 2014 (*available at* http://courts.delaware.gov/Superior/pdf/criminal_rule_61_amend_2014.pdf) ("This amendment shall be effective on June 4, 2014 and shall apply to postconviction motions filed on or after that date."). Thus, the amended version of the Rule does not apply to this case.

[4] Delaware Supreme Court Rule 8 provides: "Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."

3

Rule 61(i)(5) provides an exception to the procedural bars described in Rule 61(i)(1)-(3). Rule 61(i)(5) states:

> The bars to relief in paragraphs (1), (2), and (3) of this subdivision shall not apply to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.

Super. Ct. Crim. R. 61(i)(5) (repealed 2014). Petitioner contends that the exception described in Rule 61(i)(5) is predicated on a constitutional violation and, thus, that any consideration or application of the rule necessarily implicates and depends upon issues of federal constitutional law. (*See* D.I. 128 at 5-8) Similarly, Petitioner asserts that the state courts' application of Rule 61(i)(5) incorporated and relied upon federal constitutional law. (*Id.* at 13-14)

Petitioner further argues that Rules 61(i)(2), (i)(4), and (i)(5) are not adequate to bar federal merits review. (*Id.* at 17) According to Petitioner, "Delaware courts have not applied the 'interest of justice' and 'miscarriage of justice' exceptions to the procedural bars in Rule 61 with the consistency needed for the exceptions to qualify as 'firmly established, readily ascertainable, and regularly followed.'" (*Id.* (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991))) Petitioner adds that even if the state courts generally applied the rules in a consistent fashion, they did not do so in this case. (*See* D.I. 128 at 22)

Finally, Petitioner presents a claim that was denied by the Delaware Supreme Court based on the Court's view that the issue was not "fairly raised" in Delaware Superior Court.[5] *See Zebroski*, 2014 WL 2048117, at *2. Petitioner explains that he filed a motion "asking the

---

[5]Petitioner's claim was denied pursuant to Delaware Supreme Court Rule 8.

[Delaware Supreme Court], consistent with its practice in capital cases, to review [his] claim for plain error. The court declined to do so." (D.I. 128 at 39; *see also* D.I. 129-12 at A638-41) Petitioner contends that the Supreme Court's "refusal to apply plain error review on appeal was an inadequate application of a procedural rule and therefore not a bar to federal review of the claim." (D.I. 128 at 39)[6]

On January 7, 2015, the Court heard argument on the aspects of the Petition that had to that point been briefed. (*See* D.I. 133 ("Tr.")) At the conclusion of the hearing, the Court asked the parties to try to agree on the questions presented that the Court should answer (Tr. at 75), but they were unable to do so (*see* D.I. 134, 135). Instead, each side submitted its own proposal for how the Court should characterize the issues before it.

Petitioner put forth five questions for the Court to answer:

1. Whether Rule 61(i)(5) is *independent* of federal law to bar federal merits review.

2. Whether Rule 61(i)(5) has been applied consistently to render its application *adequate* to bar federal review.

3. Whether Rules 61(i)(2) and (i)(4) have been applied consistently to render their application *adequate* to bar federal review.

4. Whether Rules 61(i)(5), 61(i)(2), or 61(i)(4), as applied *in this case*, were *independent* of federal law and *adequate* to bar federal merits review.

5. Whether the Supreme Court's decision under Delaware Supreme Court Rule 8 is adequate to preclude federal review.

---

[6]Petitioner concedes that Delaware Supreme Court Rule 8 is generally an independent and adequate procedural bar, but argues that the Delaware Supreme Court's application of the Rule to his case was not adequate. (*See* Tr. at 72; *see also Cannon v. Phelps*, 2013 WL 3199837, at *6 (D. Del. June 21, 2013))

(*See* D.I. 135 at 1-2) Respondent, by contrast, argued that the Court should resolve only a more general threshold question: "Whether the exception contained in the then-existing Delaware Superior Court Criminal Rule 61(i)(5) vitiates the independence and adequacy of the procedural bars contained in Rule 61(i)(1)-(3)." (D.I. 134 at 1)[7]

The Court understands Respondent's single question essentially to encompass Petitioner's first three questions, excluding Petitioner's reference to Rule 61(i)(4). Both parties have been fully heard on these three issues, in the form of briefing and oral argument. Given Respondent's repeated statements that it is not asserting Rule 61(i)(4) as a procedural bar to a merits review of the relevant claims, the Court concludes that it need not address the

---

[7]Respondent has repeatedly stated that it is "not asserting Rule 61(i)(4) as a reason to bar this Court from hearing any of Petitioner's claims." (D.I. 112 at 9) For example, in its Answering Memorandum dated November 3, 2014, Respondent stated:

> At no stage in these proceedings has Respondent asserted that a state court finding that a claim barred by Delaware Superior Court Criminal Rule 61(i)(4) would be procedurally defaulted in federal habeas. A finding under Rule 61(i)(4) means that the state court declined to re-consider a claim that had previously been presented in state court. This Court need not expend its time and resources evaluating the independency and adequacy of a state procedural rule that has not been asserted to prohibit this Court from considering the merits of a claim.

(D.I. 131 at 12) In addition, during Oral Argument in this Court on January 7, 2015, Respondent stated:

> But to the extent that the Delaware courts have applied an (i)(4) bar, it would be [R]espondent's position that those claims are certainly available for review under the deferential standard of recent classification because they have been decided on the merits by definition if they are barred under (i)(4) later.

(Tr. at 42)

independence and adequacy of Rule 61(i)(4) in order to move forward in this case.[8] Therefore, in the Discussion below, the Court answers the three questions as posed by Petitioner, excluding Petitioner's reference to Rule 61(i)(4).[9]

## GOVERNING LEGAL PRINCIPLES

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Among the limitations on federal jurisdiction is the "well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts." *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977). This principle applies to federal habeas proceedings, *see id; see also Harris v. Reed*, 489 U.S. 255, 262 (1989), and is often implicated when a state court denies relief based on procedural grounds, *see Harris*, 489 U.S. at 260-61 (explaining that adequate and independent state ground doctrine has been applied routinely to state decisions forfeiting federal claims because of violations of state procedural rules).

Generally, a state court decision is "independent" unless it "fairly appears that the state

---

[8]The Court notes that the Delaware state courts found many of Petitioner's claims to be simultaneously barred under more than one subsection of Rule 61. Therefore, the fact that Respondent may refrain from asserting Rule 61(i)(4) as a basis for finding certain claims procedurally defaulted does not eliminate the need for the Court to evaluate any procedural default that may have occurred under Rule 61(i)(1), (2), or (3).

[9]Respondent acknowledges that even if the Court concludes that Rule 61(i)(2) and (5) are independent and adequate so as to *possibly* preclude federal merits review – as it has – Petitioner "may still contest the application of a procedural bar to a particular claim, or alternatively argue why he believes he can show cause and prejudice for his procedural default in future briefing." (D.I. 134 at 1) In other words, Petitioner's question four – whether the State Court decisions *in this case* were independent and adequate – has not yet been answered. Moreover, even if Respondent prevails when the Court resolves question four, Petitioner will still have an opportunity to argue that federal merits review of his procedurally defaulted claims is available due to cause and prejudice.

court rested its decision primarily on federal law." *Id.* at 261 (citing *Michigan v. Long*, 463 U.S. 1032, 1041 (1983)); *see also Coleman v. Thompson*, 501 U.S. 722, 735 (1991). Generally, a state court procedural rule is "adequate" "only if it is firmly established, readily ascertainable, and regularly followed." *Szuchon v. Lehman*, 273 F.3d 299, 325 (3d Cir. 2001) (citing *Ford v. Georgia*, 498 U.S. 411, 423-434 (1991)). In assessing adequacy, the Court must "determine whether the state rule itself provides guidance regarding how the rule should be applied or whether such standards have developed in practice." *Campbell v. Burris*, 515 F.3d 172, 179 (3d Cir. 2008). A rule is adequate if the state supreme court faithfully applies it in "the vast majority" of cases. *See Duggar v. Adams*, 489 U.S. 401, 410 n.6 (1989).

## DISCUSSION

### Independence of Rule 61(i)(5)

"When a state procedural default bars a petitioner from presenting his constitutional claims in state court, a federal court in a habeas corpus proceeding must determine whether the state procedural rule is 'independent' of the federal claims . . . ." *Carter v. Neal*, 910 F. Supp. 143, 148 (D. Del. 1995) (citing *Coleman*, 501 U.S. at 734-35). Superior Court Criminal Rule 61(i)(5) provides an exception to what would otherwise be procedural default, stating that the bars of Rule 61 "shall not apply . . . to a colorable claim that there was a miscarriage of justice because of a constitutional violation." Super. Ct. Crim. R. 61(i)(5) (repealed 2014).

Petitioner asserts that Rule 61(i)(5)'s reference to "constitutional violations" explicitly requires an examination of potential violations of the U.S. Constitution, and, therefore, that the Rule is not independent of federal law. (*See* D.I. 128 at 1, 5) In Petitioner's view, "When, as a matter of state law, a constitutional determination is a prerequisite to the finding of a bar, the bar

cannot be independent." (*Id.* at 5 (citing *Stewart v. Smith*, 536 U.S. 856, 859-61 (2002))) For support, Petitioner relies on the U.S. Supreme Court's decision in *Ake v. Oklahoma*, 470 U.S. 68 (1985). In *Ake*, the Court held that Oklahoma's procedural bar was not independent because the application of the bar depended on "an antecedent ruling on federal law." *Id.* at 75. The Supreme Court explained:

> Before applying the waiver doctrine to a constitutional question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question. As we have indicated in the past, when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded.

*Id.* Petitioner contends that Delaware's Rule 61(i)(5) requires the same sort of antecedent rulings on federal law that were required by Oklahoma's rule, compelling the conclusion that Rule 61 is not independent of federal law.

Petitioner finds support for his position through an examination of Delaware state court precedents. (*See* D.I. 128 at 6) Specifically, Petitioner identifies what he characterizes as an overwhelming body of case law showing that Rule 61(i)(5) incorporates federal law. (*See* D.I. 137-1 at SA-1 to SA-7 (citing over 70 cases that purportedly rely on federal law to determine whether Rule 61(i)(5) applies))

Having reviewed the authorities cited by Petitioner, the Court concludes that it is possible to apply Rule 61(i)(5) without reference to federal law. While Petitioner showed that the application of the Rule *may* involve federal law, Petitioner has failed to persuade the Court that the application of the Rule *must* incorporate federal law. Thus, Rule 61(i)(5) does not render the bars of Rule 61(i) *per se* dependent on federal law.

The Court's conclusion is consistent with two prior decisions from this District. In *Johnson v. Ellingsworth*, 783 F. Supp. 215 (D. Del. 1992), this Court recognized that state courts could apply Rule 61(i)(5) without relying on federal law. The Court explained that state courts need to consider federal law only if they conclude, as a threshold matter, that the asserted claims constitute "a miscarriage of justice" that implicates "the fairness of the proceeding," a conclusion that can be made without reference to federal law. *Id.* at 220. The Court's holding in *Ellingsworth* relied upon the Delaware Supreme Court decision in *Younger v. State*, 580 A.2d 552. In *Younger*, the Delaware Supreme Court held that the exception contained in Rule 61(i)(5) "is a narrow one [that] has been applied only in limited circumstances." *Id.* at 555.

Subsequently, in *Carter v. Neal*, 910 F. Supp. 143 (D. Del. 1995), this Court considered the independence of Rule 61(i)(5) for a second time. In *Carter*, the Court found that the Delaware Supreme Court's application of Rule 61(i)(5) did "not appear to rest primarily on or interweave with federal law." *Id.* at 149. This conclusion was supported by the fact that the state court's decision contained a "plain statement" indicating that the decision rested on adequate and independent state grounds. *See id.* As the United States Supreme Court held in *Harris v. Reed*, 489 U.S. 255, 261 (1989), a federal court may not review a state court decision if the decision contains such a "plain statement."

Petitioner acknowledges that in order to agree with his position the Court would have to disagree with *Ellingsworth* and *Carter*. (*See* Tr. at 21) His argument that the Court should do so begins with his contention that *Ellingsworth* and *Carter* are no longer valid holdings. (*See* D.I. 128 at 9) This is unavailing. While it is true that *Ellingsworth* was decided in 1992 and *Carter* was decided in 1995, neither case has been repudiated in the intervening years. Indeed, to the

10

contrary, the cases upon which *Ellingsworth* and *Carter* relied are still recognized as good law in the Delaware courts. *See, e.g., Lindsey v. State*, 2014 WL 98645, at *7 (Del. Jan. 9, 2014) (quoting *State v. Younger* and reaffirming holding that Rule 61(i)(5) is narrow and does not often apply). Petitioner's further contention that the pertinent portions of *Ellingsworth* and *Carter* are dicta (*see* Tr. at 21) does not alter the outcome. The Court's decision today is not based upon treating *Ellingworth* and *Carter* as binding precedent. *See generally Threadgill v. Armstrong World Indus. Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991) ("There is no such thing as 'the law of the district.'"). Instead, the Court simply agrees with the analysis contained in those cases and concludes that no binding precedent or other development since their issuance compels an alternative conclusion. In any event, it appears that the discussions of Rule 61(i)(5) in *Ellingsworth* and *Carter* were essential to the outcome in both cases.

In sum, while Petitioner has demonstrated that the Delaware state courts often consider the merits of a federal constitutional claim when applying Rule 61(i)(5), he has not shown that the Rule ***requires*** state courts to do so. Accepting Petitioner's position would allow the exception (Rule 6(i)(5)) to swallow the rule (the procedural bars of Rule 61(i)(1)-(3)) and would effectively eliminate Rule 61's procedural bars in the context of federal habeas cases. (*See generally* Tr. at 14 (Petitioner's counsel agreeing that his position would mean (i)(5) exception "swallow[s] the rule"); *see also generally* Tr. at 38 (Respondent's counsel stating, "it really is important that the bars are upheld because the federal courts don't need to look at every claim that the state courts have a right to look at first")) Instead, the Court concludes that application of Rule 61 may be independent of federal law. An individualized, case-specific inquiry must be undertaken to determine if the application of Rule 61(i)(5) is independent of federal law in any

11

particular case.

### Adequacy of Rule 61(i)(5)

In addition to asserting that Rule 61(i)(5) is not "independent" of federal law, Petitioner contends that Rule 61(i)(5) is not sufficiently "adequate" to preclude federal review of the merits of his habeas Petition. As noted above, a state court procedural rule is "adequate" and can bar federal merits review "only if [the rule] is firmly established, readily ascertainable, and regularly followed." *Szuchon*, 273 F.3d at 325. The Court concludes that Rule 61(i)(5) satisfies these criteria and is adequate.

Petitioner identifies what he characterizes as two conflicting lines of Delaware state court cases: one which construes Rule 61(i)(5) narrowly, and the other which construes the Rule more broadly. (D.I. 128 at 17-18)[10] According to Petitioner, the essential distinction between the two lines of cases is the extent to which they employ constitutional analysis. (*See id.*)

While some decisions contain more constitutional analysis than others, this fact alone does not establish that Rule 61(i)(5) has been applied inconsistently. The extent to which particular decisions engage in constitutional analysis appears to depend on the facts of each case, the nature of the asserted claims, and the approach of the presiding judge. This type of variation does not necessarily undermine the adequacy of Rule 61(i)(5). Indeed, as the U.S. Supreme Court has recognized, "[a] rule can be firmly established and regularly followed . . . even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted).

---

[10]These "two lines of cases" are discussed more fully below, in connection with the Court's analysis of the adequacy of the bar contained in Rule 61(i)(2).

Of course, judicial discretion has its limits. Indeed, the United States Supreme Court has recognized that a state rule "may be found inadequate when discretion has been exercised to impose novel and unforeseeable requirements." *Id.* at 320 (internal quotation marks omitted). Nevertheless, the cases cited by Petitioner do not suggest that Rule 61(i)(5) has been applied in this way. Having reviewed the cases cited by Petitioner, the Court concludes that the degree of discretion exercised by state court judges when applying Rule 61(i)(5) does not deprive that Rule of its status as "firmly established, readily ascertainable, and regularly followed." Of course, while the Rule is not *per se* inadequate, it is still possible that a court could apply the rule in an inconsistent fashion. Accordingly, the Rule's adequacy in any particular case must be reviewed individually.

## Adequacy of Rule 61(i)(2)

Petitioner also challenges the adequacy of Rule 61(i)(2). At the time Petitioner's claims were denied in the Delaware state courts, this Rule contained an "interest of justice" exception to its procedural bar. Specifically, Rule 61(i)(2) provided:

> Any ground for relief that was not asserted in a prior postconviction proceeding, as required by subdivision (b)(2) of this rule, is therefore barred, unless consideration of the claim is warranted ***in the interest of justice***.

Super. Ct. Crim. R. 61(i)(2) (emphasis added) (repealed 2014).

Petitioner argues that the "interest of justice" exception in Rule 61(i)(2) has been applied inconsistently. (*See* D.I. 128 at 19-21) To support his contention, Petitioner provided a lengthy list of cases that supposedly reveals an inconsistent and "inadequate" application of the exception. (*See id.*) In Petitioner's telling, each of the many cases falls into one of two

13

categories: cases that construe the "interest of justice" exception narrowly, and cases that construe the exception broadly.

The leading case in the first – "narrow" – category is *Flamer v. State*, 585 A.2d 736 (Del. 1990). In *Flamer*, the Delaware Supreme Court explained that "in order to invoke the 'interest of justice' provision . . . a movant must show that subsequent legal developments have revealed that the trial court lacked the authority to convict or punish him." *Id.* at 746. Petitioner cites 16 cases that arguably adopt the *Flamer* interpretation. (D.I. 128 at 19-20)

The leading case in the second – "broader" – category is *Weedon v. State*, 750 A.2d 521 (Del. 2000). There, the Delaware Supreme Court indicated that the "interest of justice" exception applies "when the previous ruling was clearly in error or there has been an important change in circumstances, in particular, the factual basis for issues previously posed," and also when there is an "equitable concern" large enough to "trump the 'law of the case doctrine.'" *Id.* at 528. Petitioner cites four cases he views as adopting the *Weedon* interpretation. (D.I. 128 at 20-21)

In the Court's view, the cases on which Petitioner relies do not support his contentions. Fully eleven of the sixteen cases Petitioner cites for the *Flamer* "narrow" interpretation of the exception were decided prior to *Weedon*.[11] Of the five post-*Weedon* cases Petitioner places in the

---

[11]*Gholdson v. State*, 725 A.2d 442 (Table) (Del. 1999); *Bass v. State*, 710 A.2d 217 (Table) (Del. 1998); *Murphy v. State*, 720 A.2d 559 (Table) (Del. 1998); *Gholdson v. State*, 702 A.2d 926 (Table) (Del. 1997); *Scott v. State*, 703 A.2d 644 (Table) (Del. 1997); *Whiteman v. State*, 692 A.2d 416 (Table) (Del. 1997); *Wonnum v. State*, 700 A.2d 737 (Table) (Del. 1997); *Maxion v. State*, 686 A.2d 148 (Del. 1996); *Palmer v. State*, 687 A.2d 196 (Table) (Del. 1996); *Paskins v. State*, 687 A.2d 196 (Table) (Del. 1996); *Getz v. State*, 651 A.2d 787 (Table) (Del. 1994).

"narrow" *Flamer* category, two did not involve the "interest of justice" exception,[12] one did not consider the exception because the litigant did not argue that it applied,[13] one applied *Flamer* because the test applied more directly to the circumstances of the case,[14] and one adopted the *Weedon* interpretation.[15] Based on the Court's analysis of the cases cited by Petitioner, the Court concludes that the Delaware state courts have applied Rule 61(i)(2) in a consistent and ascertainable manner. The procedural bar embodied in this Rule, therefore, **may** be, but need not necessarily be, an adequate basis to preclude federal merits review of Petitioner's habeas claims.

### Remaining Issues To Be Decided

While the Court holds that Rules 61(i)(5) and 61(i)(2) may be independent and adequate, the Court has made no determination as to whether the Delaware state courts' ***application*** of these procedural bars to Petitioner's case was, in fact, independent and adequate. *See Evans v. Sec'y Pa. Dep't Corr.*, 645 F.3d 650, 657 (3d Cir. 2011). This is a matter on which the Court will require further briefing.[16] Similarly, the Court is not today deciding whether the Delaware

---

[12] *Williams v. State*, 12 A.3d 1155 (Table) (Del. 2011); *Barrow v. State*, 913 A.2d 569 (Del. 2006).

[13] *Ploof v. State*, 75 A.3d 811 (Del. 2013).

[14] *Chao v. State*, 931 A.2d 1000 (Del. 2007). In *Chao*, a defendant was convicted because of a legal rule that changed over the course of the defendant's postconviction appeal. The defendant argued that the change in law should apply retroactively to reverse his conviction. *See id.* at 1002. Because *Flamer* speaks directly to the issue of retroactive applications of the law, the court had a good reason to apply *Flamer* rather than *Weedon*.

[15] *Harris v. State*, 998 A.2d 851 (Table) (Del. 2010).

[16] Both parties agree that the Court needs further briefing before it can decide all the issues raised by the Petition. (*See, e.g.*, Tr. at 8 (Petitioner: "I wouldn't want the Court to make a ruling on our issues based on what the Court has before it right now."); *id.* at 57 (Respondent: "I agree we will need additional briefing given where we are. And I would expect that they would be

Supreme Court's application of Rule 8 constitutes an independent and adequate state ground that bars federal merits review of Petitioner's habeas claims. This, too, is a matter on which the Court will require further briefing. In addition to making these determinations, it may be necessary for the Court to determine if Petitioner can show cause and prejudice to excuse any procedural default and/or resolve Petitioner's claims on the merits. These are matters on which the Court has not yet received briefing.

In light of what has and has not been decided, as well as the recent capital-related orders issued by the U.S. Supreme Court, Delaware Supreme Court, and Delaware Superior Court, the Court will issue an order soliciting the parties' views on whether this case should be stayed or, alternatively, on what schedule some or all of the remaining issues to be decided should be briefed.

---

arguing the cause and prejudice to avoid bars.""))